6L 495
7L 718

W. R. SHARER *v.* JOHN S. GILL, Adm'r, *et al.*

CHANCERY PLEADINGS AND PRACTICE. *Appeal. Minors.* A decree which settles the rights of the litigants in certain realty, vesting the title of part of the lands in the children of a deceased litigant, subject to the widow's dower if she have any, is not a decree from which the widow and children can appeal, when it reserves all questions as to such dower, as well as certain other questions touching the rights of the children, until a final hearing. Infants cannot prosecute an appeal by taking the pauper oath.

FROM SMITH.

Appeal in error from the Chancery Court at Carthage. W. G. CROWLEY, Ch.

T. J. FISHER and A. A. SWOPE for Sharer.

R. A. COX, SMITH and J. HAILE for Mrs. Gill and children.

COOPER, J., delivered the opinion of the court.

The appellees have moved to dismiss the appeals of the widow and infant children of T. B. Gill, deceased.

The litigation involved the interest of T. B. Gill in certain realty, which, upon his death pending the litigation, descended to his heirs, subject to the claim of his widow to dower. The transcript contains the records of five different cases, the styles of all which are prefixed to the later decrees, and especially to the

two decrees adjudging the rights of the parties, viz.,
the decree of the 3d of September, 1875, and the
final decree from which the appeals were taken.    One
of these cases had the style of *W. R. Sharer* v. *John
S. Gill, Adm'r, et al.,* and it was the style of this
case that was prefixed to the affidavits of the widow
and children by which they perfected their appeals,
they taking the oaths prescribed for poor persons.

The motion to dismiss the widow's appeal is based
upon the assumption that she ought to have appealed
from the decree of the 3d of September, 1875, by
which her rights were adjudged, and that her appeal
from the final decree of the 28th of February, 1879,
brought up nothing.    The facts do not justify the
assumption.

The widow and children of T. B. Gill were par-
ties defendant to the bill of W. R. Sharer, as were
all the other material parties.    The decree of the 3d
of September, 1875, did adjudge the relative rights of
Sharer and the other litigants, and vest the title of a
part of the land in Sharer, and of another part in
the four children of T. B. Gill as his heirs, subject
to the dower right of the widow, "if she has such
right."    The decree adds:    "But all questions as to
such dower between her and said heirs, and between
her and the creditors of Thos. B. Gill, are reserved."
This decree further sets aside a decree rendered in
1872, adjusts other equities, and ordered an account,
in which Gill's estate was interested.    It concludes
thus:    "The question is reserved till final hearing
whether the estate of T. B. Gill shall be substituted

Sharer *v.* Gill.

to the rights of the Baird decree as a prior lien over all other parties on said lots of land; and, also, it is reserved as to whether the estate of Morris S. Allison and the estate of T. B. Gill have any prior lien on said lots, or either of them, for their respective claims against Good and Sargent, or against each other. These questions will be adjudicated on final hearing. And it is reserved as to whether such liens, if they exist, shall affect the right of said widow's claim to dower."

· These recitals render it clear that the decree of the 3d of September, 1875, was not such a final decree as the widow could of right have appealed from. The questions reserved were never adjudicated until the decree from which the appeal was prayed and granted. The motion as to the widow is disallowed.

The motion to dismiss the appeal of the infant children, so far as it rested on the same ground as the motion for the dismissal of the widow's appeal, cannot be maintained for the same reason. No appeal could have been taken by them as of right until a final disposition of the entire cause: *Hume* v. *Commercial Bank*, 1 Lea, 220.

But the motion, as to these appellants, is rested on the further ground that an appeal cannot be taken by them under the oath prescribed for poor persons. It has long been settled that a guardian or next friend cannot commence a suit on behalf of an infant without first giving bond and security for costs: *Green* v. *Harrison*, 3 Sneed, 131; *Cohen* v. *Shyer*, 1 Tenn.

Ch., 192. Nor can a next friend prosecute an appeal by taking the pauper oath: *Brooks v. Workman,* 10 Heis., 430. Nor can a guardian *ad litem* of an infant: *Musgrove* v. *Lusk,* 5 Baxt., 684. The reason is, that the laws authorizing suits *in forma pauperis* confer a personal privilege: *McCoy* v. *Broderick,* 3 Sneed, 203. And the fact that the person who assumes to act as next friend is unable to give security for the prosecution of the suit, is a very sufficient reason why he should neither seek nor be permitted to place himself in that attitude: *Green* v. *Harrison,* 3 Sneed, 133; *Fulton* v. *Rosevelt,* 1 Paige, 178. If a next friend cannot commence a suit in the name of an infant without first giving security, as required by law, for costs, it would follow that he could not appeal, which is in the nature of a new suit. The infant himself cannot sue without next friend, and cannot, therefore, by affidavit, dispense with the necessity which the law imposes upon the person who thus assumes to act; besides, the incapacity of the infant to know what is for his interest, or the condition of his estate, renders any oath taken by him insufficient for the purpose intended: *Lindsay* v. *Tyrrell,* 2 DeG. and J., 7. When the suit of a married woman is required to be by next friend, this court has held that she cannot appeal under the pauper oath: *Gorman* v. *Flynn,* Knoxville, 1879. No such practice has ever been recognized in this State as permitting a suit to be brought, or an appeal to be taken, by a person under disability, where a next friend or guardian is required, upon the pauper oath of such

person, and we see no reason for inaugurating such a practice.

The appeal of the infant appellants will therefore be dismissed, unless within a reasonable time, say thirty days, a proper bond for costs is given on their behalf by the guardian *ad litem* or other next friend.